IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JESUS ARZAGA,

        Plaintiff,               No. 2:  11-cv-3303 JAM JFM (PC)

    vs.

CRAIG LOVETT,

        Defendant.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed November 2, 2012, plaintiff's amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221,

1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555 in turn quoting Conley v. Gibson, 355

U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true

the allegations of the complaint in question, see id., and construe the pleading in the light most

favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In screening plaintiff's second amended complaint, the court has determined that,

like plaintiff's original and first amended complaint, he fails to meet the court's directive to

provide sufficient facts for the court to determine whether or not he has stated a claim.

Plaintiff's second amended complaint states as follows:

> 1) Dr. Craig Lovett, is in fact reasonably related to legitimate
> penological interests in this matter, of the specific violation of
> constitutional law by acting under color of state law.
> 2) Dr. Craig Lovett, is the surgeon in this matter, that violated the
> plaintiff of his fundamentally given due process rights under the
> U.S. Constitution.
> 3) Dr. Lovett, willfully, deliberately p[er]formed the specific

2

1              violation of due process, when he took matters into his own hands
by violating the Plaintiff's 14[th] Amendment rights to equal
2              protection, when he imposed an atypical and significant hardship
on the inmate in relation to the ordinary incidents of personal and
3              prison life.

4  (Dkt. No. 24 at p. 1-2.)  These bare facts are insufficient to state a claim against defendant

5  Lovett.  The court finds the allegations in plaintiff's amended complaint so vague and conclusory

6  that it is unable to determine whether the current action is frivolous or fails to state a claim for

7  relief. The court has determined that the amended complaint does not contain a short and plain

8  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

9  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

10  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

11  allege *with at least some degree of particularity overt acts which defendants engaged in that*

12  *support plaintiff's claim*.  Id. (emphasis added).  Because plaintiff has failed to comply with the

13  requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed.  The

14  court will, however, grant leave to file a third amended complaint.

15          If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate

16  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

17  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint

18  *must allege in specific terms how each named defendant is involved*.  There can be no liability

19  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May

21  v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

22  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

23  violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

26  amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the
second amended complaint no longer serves any function in the case.  Therefore, in a third
amended complaint, as in an original complaint, each claim and the involvement of each
defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's second amended complaint is dismissed; and

        2.  Within thirty days from the date of this order, plaintiff shall complete the
attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Third Amended Complaint.
Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,
the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended
complaint must bear the docket number assigned this case and must be labeled "Third Amended
Complaint"; failure to file a third amended complaint in accordance with this order may result in
the dismissal of this action.

DATED:  February 26, 2013.

UNITED STATES MAGISTRATE JUDGE

14
arza.14.amd.new

4

1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL JESUS ARZAGA,

11          Plaintiff,                    No. 2:  11-cv-3303 JAM JFM (PC)

12      vs.

13   CRAIG LOVETT,

14          Defendant.           NOTICE OF AMENDMENT

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____    Third Amended Complaint

19   DATED:

20

21

22

23                                    _____

24                                    Plaintiff

25

26