UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ARZAGA, | No. 2:11-cv-3303-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CRAIG LOVETT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendant Lovett ("defendant") was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 39. Plaintiff opposes the motion. *See* ECF Nos. 46, 47. For the reasons that follow, it is recommended that the motion be granted.

/////
/////
/////
/////
/////
/////

1

I.     **Fourth Amended Complaint**[1]

Plaintiff injured his hand in 2001. ECF No. 30, ¶ 11. He was subsequently incarcerated and from then until 2008 he received "periodic conservative treatment and pain medication for the residual effects of his hand injury." *Id.* ¶ 13. During the late summer of 2008, he began to experience arthritic-type pains from his wrist and hand injury. *Id.* ¶ 14.

Plaintiff was referred to defendant Dr. Lovett, who told plaintiff that he intended to perform surgery on his fingers. *Id.* ¶¶ 15, 17. Lovett also referred plaintiff for x-rays but made clear that the surgery would occur regardless of what the x-rays showed. *Id.* ¶ 17. Lovett also made clear that surgery was plaintiff's only treatment option and that plaintiff did not have the option of obtaining a second opinion. *Id.* Plaintiff claims that these statements "vitiate[d] any consent [he] gave or could have given to this surgery." *Id.* ¶ 27. After the x-rays were taken, the surgery was performed. *Id.* ¶ 19. Plaintiff's finger was "immobilize[ed]" following the surgery. *Id.* ¶ 20.

In February of 2009, "[a]fter a period of follow up treatment, check-ups, and difficult, slow, and incomplete recuperation," Lovett performed a second surgical procedure. *Id.* ¶ 30. Plaintiff was not given "meaningful input or choice" with respect to this second surgery. *Id.* Following the second surgery, "plaintiff went through [] numerous follow up treatments . . . and, after the casts and dressings were removed about April 2009, a series of treatments that were ostensibly designed as pain management." *Id.* ¶ 33.

In 2011, plaintiff's pain worsened. *Id.* ¶ 36. Later that year, he underwent a third surgical procedure on his left little finger, but this procedure made the problem worse. *Id.* ¶ 38.

/////

---

[1] This case proceeds on plaintiff's fourth amended complaint, which plaintiff filed through counsel. *See* ECF No. 28 (Order Appointing Counsel for Limited Purpose); ECF No. 30 (Fourth Amended Complaint). Plaintiff had previously filed three pro se complaints which were dismissed with leave to amend for failure to state a claim. *See* ECF Nos. 1, 17, 24 (complaints); ECF Nos. 12, 19, 25 (screening orders dismissing complaints with leave to amend). The fourth amended complaint alleged claims under the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. ECF No. 30. The only cognizable claim identified by the court for the limited purposes of screening and pursuant to 28 U.S.C. § 1915A, was an Eighth Amendment deliberate indifference to medical needs claim against defendant Lovett.

"In early 2012, plaintiff noticed oozing of fluid and other symptoms that indicated the left little finger on which the surgery had been performed was becoming infected." *Id.* ¶ 39. In July 2012, it was determined that plaintiff's "left little finger had become so badly infected that there was no option other than amputating the last joint of this finger." *Id.* ¶ 43. In August of 2012, a portion of plaintiff's left little finger was amputated. *Id.* ¶ 44.

Plaintiff claims that defendant's performance of the first two surgeries "led to . . . subsequent medical treatments . . . that . . . led to the infection that caused it to become necessary to amputate . . . ." *Id.* ¶ 31.

## II. Applicable Legal Standards

### a. Rule 12(b)(6)

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include

/////

3

specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

### b. Eighth Amendment Deliberate Indifference

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton

4

infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Additionally, the Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058. "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

/////
/////
/////
/////
/////

5

**III.     Discussion**

Defendant argues that plaintiff's claim against him due to the "loss of his little left finger," is not plausible, given plaintiff's own allegations that the loss "was due to infection that first occurred *several years after Dr. Lovett last provided treatment, and shortly after later surgery performed by another physician*."[2]  ECF No. 39 at 3 (emphasis in original).

Indeed, plaintiff does not plead any facts which would tend to establish that defendant's care and treatment led to the infection that ultimately required the partial amputation of plaintiff's left pinky.  Defendant last treated plaintiff in 2009.  Plaintiff's infection did not develop until 2012, after plaintiff underwent a third surgical procedure because of the increase in pain he experienced in 2011.  None of the facts pleaded by plaintiff demonstrate or plausibly suggest that defendant's conduct necessitated the third surgical procedure or otherwise resulted in the need for amputation.  Because plaintiff fails to plead a causal link between defendant's conduct and his ultimate injury, his claim against defendant is not plausible.

Furthermore, while plaintiff characterizes defendant's conduct as deliberately indifferent to his medical needs, he does not plead sufficient facts to support a proper claim for relief under the Eighth Amendment.  Plaintiff does not allege that defendant ignored or left untreated any of his medical needs.  Indeed, plaintiff fails even to allege that defendant's performance of the two surgeries was negligent or fell below the standard of care for a physician.

Plaintiff's only complaint is that defendant did not offer him an alternative to surgery, and that defendant told him he could not get a second opinion.  He argues in his opposition that he was "entitled" to a second opinion and that surgery "was not the best solution . . . ."  ECF No. 46 at 3.  As noted above, a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference.  *Toguchi*, 391 F.3d at 1058; *Jackson*, 90 F.3d at 332.  There are no allegations showing that defendant's two surgeries were medically unacceptable under the circumstances, or that they were chosen in a conscious disregard of an excessive risk to plaintiff's

---

[2] The court need not address defendant's argument for dismissal of plaintiff's "supplemental state-law claims," ECF No. 39 at 4, as the court's screening order did not identify as cognizable any such claims for relief.

6

1  health.  Plaintiff's apparent preferences for a more conservative approach in treating his injury, as
2  well as the option of a second opinion, are not enough to establish defendant's deliberate
3  indifference.  Plaintiff's allegations do not show that defendant knowingly disregarded a serious
4  risk of harm to plaintiff.  Likewise, there are no allegations showing how defendant's conduct in
5  this regard exposed plaintiff to any serious risk of harm.

6  Despite repeated notice of the complaint's deficiencies and numerous opportunities to
7  amend, plaintiff is unable to state a proper claim for relief, even with the assistance of counsel.
8  Therefore, this action must be dismissed without leave to amend for failure to state a claim upon
9  which relief could be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under
10 Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can
11 possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit
12 entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court
13 should grant leave to amend even if no request to amend the pleading was made, unless it
14 determines that the pleading could not be cured by the allegation of other facts.").

15 **IV.    Recommendation**

16 For the reasons stated above, IT IS RECOMMENDED that defendant's motion to dismiss
17 (ECF No. 39) be granted and that the Clerk be directed to close the case.

18 These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
23 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
24 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25 DATED:  August 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE